UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LISA NOYES, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>vs.<br><br>MEETCAREGIVERS INC.,<br><br>        Defendant. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND** |

Plaintiff, LISA NOYES, individually and on behalf of all others similarly situated, by and through her attorneys BROWN, LLC and SIMS & SIMS LLP, hereby files this Collective and Class Action Complaint against Defendant, MEETCAREGIVERS INC., and states as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Lisa Noyes, individually and on behalf of all similarly situated persons employed by Defendant, MEETCAREGIVERS INC., arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Massachusetts General Laws c. 151 §§ 1A and 20.

2. Defendant MEETCAREGIVERS INC. provides senior care services.

3. Plaintiff and the members of the putative collective and class were employed by Defendant as non-exempt caregivers, and were responsible for providing home healthcare services to Defendant's clients.

4. Defendant failed to pay caregivers time-and-a-half (1.5) of their regular rate of pay for hours worked in excess of forty (40) in a workweek.

5. Defendant's failure violates the FLSA, 29 U.S.C. § 207(a)(1) and Massachusetts General Laws c. 151 § 1A, under which employees are entitled to time-and-a-half (1.5) of their regular rate of pay for hours worked in excess of forty (40) in a workweek.

6. Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of herself and the "FLSA Collective," defined as: *all current and former caregivers who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment*. See 29 U.S.C. § 216(b).

7. Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to Massachusetts General Laws c. 151 § 1A on behalf of herself and the "Rule 23 Massachusetts Class," defined as: *all current and former caregivers who worked for Defendant in Massachusetts at any time within the three years preceding the commencement of this action and the date of judgment*. See Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

9. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because the state law claims and the federal claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

10. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

11. The Court has personal jurisdiction over Defendant because Defendant's headquarters are located with the State of Massachusetts.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant employs caregivers in this district, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

13. Plaintiff Lisa Noyes is a resident of Essex County, Massachusetts, and worked for Defendant as a caregiver in various cities in Massachusetts from November 2020 through the present. She was paid a day rate of $220/day. Plaintiff Noyes has consented to the filing of this action pursuant to 29 U.S.C. § 216(b). *See* **Exhibit 1**.

14. Plaintiff Noyes typically worked three consecutive 24-hour shifts per week.

15. Defendant MEETCAREGIVERS INC. is a Delaware corporation whose principal address is 320 NEVADA ST., STE. 30, NEWTON, MA 02460, and whose registered agent for service of process in Massachusetts is FLORENCE M. FURAHA, 320 NEVADA ST., STE. 30, NEWTON, MA 02460.

## FACTUAL ALLEGATIONS

16. Defendant employed caregivers to provide home health care services for Defendant's clients in Massachusetts and other states.

17. Defendant classified caregivers as non-exempt employees.

18. Defendant required and/or permitted caregivers to work over forty (40) hours in most weeks.

19. Defendant failed to pay caregivers at time-and-a-half (1.5) of caregivers' regular rates of pay for all hours in excess of forty (40) hours.

20. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of its caregivers' hours in excess of forty (40) hours were paid at time-and-a-half (1.5) of caregivers' regular rates of pay.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of the FLSA Collective, defined as:

> *All current and former caregivers who worked for Defendant in the United States at any time within the three years preceding the commencement of this action and the date of judgment.*

22. Plaintiff reserves the right to amend this definition as necessary.

23. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

24. The employment relationship between Defendant and every FLSA Collective member is the same and differs only by name, location, and rate of pay. The key issues do not vary substantially among the FLSA Collective members.

25. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## RULE 23 MASSACHUSETTS CLASS ACTION ALLEGATIONS

6

26. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of the Rule 23 Massachusetts Class, defined as:

> *All current and former caregivers who worked for Defendant in Massachusetts at any time within the three years preceding the commencement of this action and the date of judgment.*

27. Plaintiff reserves the right to amend this definition as necessary.

28. The members of the Rule 23 Massachusetts Class are so numerous that joinder of all Rule 23 Massachusetts Class members in this case would be impractical. Rule 23 Massachusetts Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

29. There is a well-defined community of interest among Rule 23 Massachusetts Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Massachusetts Class.

30. Plaintiff's claims are typical of those of the Rule 23 Massachusetts Class in that they and all other Rule 23 Massachusetts Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Massachusetts Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Massachusetts Class members.

31. Plaintiff will fully and adequately protect the interests of the Rule 23 Massachusetts Class and she has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Massachusetts Class.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Massachusetts Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

33. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

34. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

35. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Massachusetts Class and declaratory relief is appropriate in this case with respect to the Rule 23 Massachusetts Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**(Brought Individually and as a Collective Action Under 29 U.S.C. § 216(b))**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 207(a)(1) - FAILURE TO PAY OVERTIME**

36. Plaintiff re-alleges and incorporates all previous paragraphs herein.

37. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

38. Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

39. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

40. At all times relevant to this action, Plaintiff and the FLSA Collective members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

41. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and the FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

42. Defendant required and/or permitted Plaintiff and the FLSA Collective members to work over forty (40) hours in most weeks.

43. Defendant failed to pay Plaintiff and the FLSA Collective members time-and-a-half (1.5) of caregivers' regular rates of pay for all hours worked in excess of forty (40) hours.

44. In many weeks, the hours worked for which Defendant failed to pay Plaintiff and the FLSA Collective members were excess of forty (40) hours, and should have been paid at time-and-a-half (1.5) of their regular rates of pay, *see* 29 U.S.C. § 207(a)(1), but were not.

45. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of Plaintiff's and the FLSA Collective members' work hours in excess of forty (40) hours were paid at time-and-a-half (1.5) of caregivers' regular rates of pay.

46. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her or her unpaid overtime wages plus an additional equal amount in liquidated damages, as well as costs and reasonable attorneys' fees.

9

## COUNT II
### (Brought Individually and as a Class Action Under Fed. R. Civ. P. 23)
### VIOLATIONS OF M.G.L. c. 151 § 1A - FAILURE TO PAY OVERTIME

47. Plaintiff re-alleges and incorporates all previous paragraphs herein.

48. Defendant was an "employer" of Plaintiff and the other members of the Rule 23 Massachusetts Class within the meaning of M.G.L. c. 151 § 1B.

49. Plaintiff and the other members of the Rule 23 Massachusetts Class were "employees" of Defendant, within the meaning of M.G.L. c. 151 § 1A.

50. Defendant employed Plaintiff and the other members of the Rule 23 Massachusetts Class, within the meaning of M.G.L. c. 151 § 1A.

51. Plaintiff and the other members of the Rule 23 Massachusetts Class worked over forty (40) hours in most weeks.

52. Defendant failed to pay Plaintiff and the other members of the Rule 23 Massachusetts Class at time-and-a-half (1.5) of their regular rates of pay for all hours worked in excess of forty (40) hours, in violation of M.G.L. c. 151 § 1A.

53. Defendant knowingly and/or recklessly disregarded its obligation to ensure that all of Plaintiff's and the Rule 23 Massachusetts Class members' work hours in excess of forty (40) hours were paid at time-and-a-half (1.5) of their regular rates of pay.

54. M.G.L. c. 151 § 20 provides that as a remedy for a violation of M.G.L. c. 151 § 1A, an employee is entitled to her or her unpaid wages (and unpaid overtime if applicable) plus twice of this amount in liquidated damages (treble damages), plus costs and reasonable attorneys' fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Lisa Noyes, requests an entry of an Order the following relief:

    a.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

    b.    Certifying this action as a class action (for the Rule 23 Massachusetts Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claim (Count II);

    c.    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

    d.    Designating Plaintiff as the representatives of the FLSA Collective and the Rule 23 Massachusetts Class, and undersigned counsel as Class counsel for the same;

    e.    Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

    f.    Declaring Defendant violated Massachusetts General Laws c. 151 §§ 1A, and that said violations were intentional, willfully oppressive, fraudulent and malicious;

    g.    Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective and the Rule 23 Massachusetts Class the full amount of damages and liquidated damages available by law;

    h.    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

    i.    Awarding pre- and post-judgment interest to Plaintiff on these damages; and

    j.    Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff, Lisa Noyes, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

12

DATED: April 2, 21            By:     */s/* John Fink
                                                                 John Fink
SIMS & SIMS LLP
53 Arlington Street
Brockton, MA  02301
Ph:  (508)-588-6900 Extn. #104
Fx:  (508)-586-3320
JohnFink@simsandsimsllp.com

*Local Counsel for Plaintiff*

Lotus Cannon (will PHV)
Jason T. Brown (will PHV)
Nicholas Conlon (will PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Phone: (201) 630-0000
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*